Good morning, Your Honor. First, at the outset, I would like to report on the status of a pending case that I referred to on page 1 of our brief, that is Fuji against Ribitech. That case was tried to a jury in June, ending in a verdict on June 12, 2009, finding all of the defendants willfully infringing Fuji's patents. One of the defendants, Powitech Hong Kong, who was the supplier of the product to Jazz Photo, was found to have infringed from April of 2003 through December of 2007. And Mr. Benun, who, because of the bankruptcy, could only be charged starting in March of 2005, was found to have infringed from March of 2005 through 2008. Mr. Rosenthal, let me interrupt with a rather basic question. Is this the case from which you're appealing final? Wasn't there a remand on post-judgment interest? Yes, Your Honor, and that remand resulted in a grant of, actually, it's pre-judgment interest. Pre-judgment interest. Pre-judgment interest, and that remand resulted in the Bankruptcy Court calculating and assessing and amending its judgment to include pre-judgment interest. When did that occur? Your Honor. Was that before the notice of appeal in this case? No, it was after, Your Honor. It was since the notice of appeal. So the case, as it comes to us, wasn't final, right? The case, as came to you, was final, Your Honors, in every respect except for the pre-judgment interest issue. Right. And that pre-judgment interest issue was resolved very quickly after the remand. But after is after. But are you protected by 1292C2, which provides for appellate jurisdiction of patent infringement case that is final except for an accounting? Is the pre-judgment interest accounting? Your Honor, I would submit that it is part and parcel of an accounting. You don't get to pre-judgment interest unless you have damages, and in the absence of damages… But your main point was that the pre-judgment interest was already decided. That was your main point, but not before the appeal. Well, right. Your Honor, at the time of the appeal, this case was right for appeal because the issues that are on appeal do not involve the pre-judgment interest. Well, you understand that that's not good enough to make an order final. You can't simply have one group of issues which you want to appeal, which have been decided, and another group of issues that you're not necessarily interested in appealing, which have not been decided, and call the district court's order final, right? Your Honor, Judge Lurie has pointed out that there is an exception for accounting, which I submit the pre-judgment interest is part and parcel. Well, if that does constitute an accounting, if there's not more than simply a mathematical determination of how much is owed, but I take it that there was more by way of the bankruptcy court having to decide what standards to employ with regard to the pre-judgment interest question. Isn't that right? Well, Your Honor, I disagree in the sense that every damages, every accounting assessment involves, as this case demonstrates, involves a consideration of the criteria for assessing damages. It is not just hiring an accountant to figure out what the number is. The law on patent infringement is much more complicated than that, and as this case, I think, exemplifies in the extreme. So, I don't think that there was an issue of finality in the sense of the jurisdiction of this court to hear the appeal. The district court said the bankruptcy court had used the wrong criteria and the wrong standards, right? That's correct, Your Honor. And just as it could have ruled that perhaps it used the wrong standard in assessing damages. And so now go ahead and use the right ones and then do a calculation. That's more than just a calculation, more than just the accounting. I mean, the whole point is jurisdictional. I mean, you can't have part of the case sitting here and have them still operating on it unless it does fit under that limited exception. Well, Your Honor, I submit it does. What the bankruptcy court did is accepted the direction of the district court and just assessed the accountant, if you will, for pre-judgment interest. There was no opinion. There was no consideration. The mechanism was that after the decision, Fuji filed a request to perform the calculation for pre-judgment interest supported by an expert's analysis of pre-judgment interest, which the bankruptcy court adopted. It was nothing more than an administrative act of accounting, quite literally, for calculation of pre-judgment interest. Why don't you move to the merits of your appeal? Your Honor, this is a very remarkable case because the infringement starts in 1995. But this is a limited appeal. Yes, this is. The district judge took all of your points and pushed them aside, just disagreeing with the bankruptcy court's finding of evidence. There was no real claim of attorney-client privilege. All of your points seem to have been well answered by the district court. Your Honor, I respectfully submit that that's not true. I would like to start out of order because I think you have to start from the willfulness determination in order to appreciate what's going on here. We're talking about tranche two, right? Not tranche one? That's right, Your Honor. We're talking about tranche two. In tranche one, there was just a small piece that was found to be willful and malicious, had been found to be willful in the first district court case. In tranche two, it starts with the decision of this court on August 21, 2001. This court stated what was to be called later on the first sale rule, that in order to take advantage of the permissible repair defense, you had to use cameras, the shells of cameras first sold in the United States with Fuji's authority, by Fuji or its licensees. That was not complicated. That was not written in strange language. It was very straightforward, as is evidenced by the immediate reaction of Jazz Photo and Mr. Benin in coming to this court to seek reconsideration, to seek stay, to seek en banc, and eventually to seek certiorari, all of which were denied. And that approach was accompanied by declarations by the then president of Jazz Photo, which unequivocally recognized the nature and consequence of the first sale rule. In fact, as the declarations continued, he eventually observed that there were 650,000 cameras of foreign shell origin already made, and another 400,000 in the works, and if I didn't get relief from the first sale rule, I couldn't make my sales, I couldn't satisfy my orders. What happened, and I submit that this is the poster child of willfulness, what happened is all the orders were satisfied by some ledger domain, no ledger domain, Your Honor, just by ignoring the first sale rule. There was window dressing, they adopted something called the informed compliance program, but all that did was to measure where the shells were bought. They were bought in the United States, but that did not cover what this court said was the rule of law, and that is that the shells had to be from cameras first sold in the United States. What did they do? They concealed the origin to the best of their ability. They removed the original labels. The ITC before the bankruptcy court ruled, and as did the bankruptcy court rule, that the best indisher of country of origin for a first sale was the language on the shells themselves. First thing they did is they removed all that. They didn't have any effective sorting. The bottom line is that what the bankruptcy court did, in my estimation and I submit, is that it did not reach the willfulness issue because it thought that the law lacked clarity. First sale is very clear, that there was a lack of precision of the facts, no more, no less than in any other case. The burden, you should remember, is on the defendant, that Mr. Bennett had already served or been subject to a heavy toll, and that there were failed but plausible arguments. Your Honors, I never saw or heard a failed or plausible argument in this case. The attorney fee issue is discretionary for the trial judge, right? Yes, Your Honor. So your argument is that there is an abuse of discretion? Your Honor, I would rather not focus on the attorney fee. I think that that's a much more difficult burden. But I do believe that the enhancement of damages, which is also discretionary. Also discretionary. But nonetheless, there are a set of rules and standards that this Court applies in deciding when damages should be enhanced. And I respectfully submit that every one of those, or most of those, are satisfied in this case that it is what the bankruptcy court has done. Let me ask you another question, if I could, on the same point. Do you think that our review in an ordinary infringement action, where we are the first court to review the district court, which has made this discretionary decision, is any different in a situation such as this, where we're the second court to review the discretionary decision that was made by the bankruptcy court? No, Your Honor, because I think the cases hold that you review the decision of the bankruptcy court de novo. And we ignore whatever the district court has said? I don't think anybody, we're all human beings, nobody ignores what other people have said. But the cases seem to indicate that you do not give any weight to what the district court said. So that you're really sitting here as if you were hearing from a trial court the issue of willfulness, and in fact the issue of willful and malicious, which is an issue of first impression in this court, Your Honor. And my concern, having fought these camera wars for a lot of years, and never found Mr. Bannon to be either downtrodden or defeated, he seems to just come through to a jury trial where he was one of the principal defendants. What the bankruptcy court has said is, in essence, Fuji is a villain for enforcing its patent rights. And Mr. Bannon is a hero because he fought the good war, lost, but he doesn't have to pay the penalty. I think that this case is the poster child of willfulness and the poster child of willful and malicious injury. That both of these, they have different tests, and I agree that they have different tests. Willfulness has the CK test of recklessness, while willful and malicious has an intent element. But both of them share one common thread, and that is you don't take the defendant's word that, I didn't mean it, I didn't know, you have to look at the circumstantial evidence. And the circumstantial evidence here is of one continuous series of infringements. They don't vary. It's the same product, the same methods, everything is consistent. The same violations continue through. And the bankruptcy court, you should recall, the bankruptcy court ruled that 40% of the cameras sold from August 21, 2001 through December of 2003, 40% throughout the period, violated the first sale rule. What he then did is said, well, only 3% for the first almost year, a little more than a year, were violative because they involved supposedly reloaded reloads. But the position taken by the defendants before this court, after its decision of August 21, 2001, belies that. They had huge numbers of foreign cameras, but they didn't stop using them. All they did is created a little window dressing for customs benefit, and off they went. And unfortunately, the bankruptcy court provided protection for the infringer, a safe harbor. And I think what I would like to see this court do is to make bankruptcy not a safe harbor for people who are willful infringers, people who are recidivist infringers. Despite the very clear and unequivocal decisions of this court, they continue to infringe. And I think that's the message that I take away from this, that the patent owner is not the villain, that we're entitled to enforce our intellectual property rights. Part of the problem with your arguments, and all of them, is that they're so fact-intensive, it's kind of hard to see how we can accomplish what you're asking. Well, Your Honor, I submit that when the correct standard is applied, that the fact-intensiveness goes away. That what happened here is that the bankruptcy court did not apply the correct legal standard. They enunciated the standard, but they didn't apply it correctly. And I think that this arises to the level of abuse of discretion, or arises to the level of clearly erroneous. But I think that it's really an error of law, because in this case, applying to these facts, the bankruptcy court applied the wrong legal standard. All right. Thank you very much. The case is submitted.